UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-62089-CIV-COHN-SELTZER

HOWARD MOSS, Individually and on Behalf
of All Others Similarly Situated,

    Plaintiff,

vs.

WALGREEN CO.,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint [DE 20] ("Motion to Dismiss").  The Court has considered the Complaint [DE 1], the Motion to Dismiss, the Memorandum of Law in Support of Defendant's Motion to Dismiss [DE 21], Plaintiff's response [DE 30], Defendant's reply [DE 37], and is otherwise advised in the premises.

### I.  INTRODUCTION

Plaintiff Howard Moss commenced this action on October 29, 2010, on behalf of himself and all others similarly situated against Defendant Walgreen Co.  His Complaint alleges two counts: (1) violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA") and (2) breach of express warranty.

Defendant develops and markets health care products for consumers, including mouth rinses.  Defendant sells different varieties of mouth rinses, including Walgreens Antiseptic Mouth Rinse ("Walgreens Original") and Walgreens Full Action Mouth Rinse ("Full Action").  Plaintiff alleges that Defendant has promoted Full Action as having

certain benefits, including the following: "Full action, Freshens Breath, Restores Enamel, Helps Strengthen Teeth, Helps kill germs that cause bad breadth [sic] and Helps fight visible plaque above the gum line." DE 1 ¶ 4. Plaintiff alleges that Full Action's labeling claims are misleading and deceptive.

Specifically, Plaintiff alleges that Defendant does not possess or rely upon a reasonable basis to substantiate the claims that Full Action removes plaque above the gum line or promotes healthy gums. Id. ¶ 11. Plaintiff therefore contends that Defendant's representations are misleading, false, and reasonably likely to deceive the public. Id. Plaintiff also alleges that as a result of the misleading messages, Defendant has charged a significant price premium for Full Action. Id. ¶ 14.

According to Plaintiff, he was exposed to Full Action advertising claims, purchased Full Action, and suffered injury in fact and lost money as a result of the unfair trade practices. Id. ¶ 17. Plaintiff brings this action on behalf of himself and other similarly situated consumers who purchase Full Action in the state of Florida in order to halt the dissemination of the false and misleading advertising message, correct the false and misleading perception Defendant has created in the minds of consumers, and to obtain redress for those who have purchased Full Action. Id. ¶ 16. On January 3, 2011, Defendant filed the Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the

complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### III.  ANALYSIS

Defendant moves to dismiss the Complaint on the following grounds: (A) Plaintiff cannot base his claims on an alleged violation of the Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* ("FDCA"), and (B) Plaintiff has failed to allege sufficient facts to sustain his FDUTPA and breach of warranty claims.

### A.  The FDCA Does Not Preempt Plaintiff's Claims

Defendant argues that Plaintiff cannot base his claims on an allegation that Full Action's labeling violates the FDCA.  Specifically, Defendant asserts that the FDCA is a federal statute for which no private right of action exists.  See 21 U.S.C. § 337(a) ("[A]ll

3

such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States."). Defendant further asserts that the FDCA preempts claims brought under state unfair competition laws that are predicated on violations of the FDCA. See DE 21 (citing In re Epogen & Aranesp Off-Label Mktg & Sales Practices Litig., 590 F. Supp. 2d 1282, 1290-91 (C.D. Cal. 2008) (dismissing Plaintiffs' suit after finding it was "largely an attempt to bring a private cause of action for violations of the FDCA."); Andrx Pharms., Inc. v. Biovail Corp., 175 F. Supp. 2d 1362, 1369-70 (S.D. Fla. 2001)). Defendant maintains that Plaintiff's allegation regarding Full Action's ability (or alleged inability) to fight plaque is predicated solely on a letter that the FDA sent to Defendant on September 27, 2010 ("FDA Letter").

According to the allegations in the Complaint, the FDA Letter reflects the FDA's determination that if Full Action fights plaque above the gum line, Full Action is a drug subject to regulation by the FDA. DE 1 ¶ 20. The FDA Letter also asserts that to the extent Full Action is to be used to prevent or mitigate disease or to affect the structure or function of the body by preventing or removing plaque and preventing gum disease, it would be a misbranded product. Id. ¶¶ 24. The FDA also opined that Full Action is misleading because the principal display panel describes Full Action as a "Sodium Fluoride and Acidulated Phosphate Topical Solution," which is inconsistent with the actual ingredients of the product. Id. ¶ 25.

Even if Plaintiff derived the factual basis for his Complaint from the FDA Letter, that does not mean that Plaintiff's claim is an attempt to bring a private cause of action for a violation of the FDCA. Indeed, Plaintiff's Complaint is predicated on the allegation that Defendant's "antiplaque cosmetic claims" are not valid. Defendant underscores the

difference between the potential FDCA violations and Plaintiff's claims when Defendant submits in its response that "[t]he FDA Letter . . . is completely silent on the issue of whether the antiplaque cosmetic claims are valid." DE 21 at 8.  Thus, Plaintiff's claims do not appear to be claims for violations of the FDCA that are disguised as state law claims.  The Court therefore rejects Defendant's argument that the FDCA preempts Plaintiff's claims.

### B.  Plaintiff States Claims for Violations of FDUTPA and Breach of Warranty

#### 1.  FDUTPA

The FDUTPA is a creature of Florida law.  As such, the undersigned is bound to follow Florida appellate court decisions interpreting that law.  Fla. Family Policy Council v. Freeman, 561 F.3d 1246, 1256 (11th Cir. 2009) (citing Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 690 (11th Cir. 1983) ("A federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.")).  With that rule in mind, the Court turns to the FDUTPA.

The Supreme Court of Florida has not set forth the elements of a FDUTPA claim. The decisions of the Florida District Courts of Appeal, therefore, guide this Court's analysis.  See Fla. Family Policy Council, 561 F.3d at 1256.  The Court finds Judge Padavano's opinion in Davis v. Powertel, 776 So. 2d 971, 974 (Fla. Dist. Ct. App. 2000), particularly instructive.  In Davis, Judge Padavano recognized that the Florida Deceptive and Unfair Trade Practices Act provides a cause of action "against a party who has engaged in 'unfair or deceptive acts or practices in the conduct of any trade or commerce,' but it does not define the elements of such an action." Id. at 974 (citing §

501.204(1), Fla. Stat. (1999)). "Instead, the statute provides that the Florida courts must give 'due consideration and great weight' to Federal Trade Commission and federal court interpretations of section 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C § 45(a)(1). See § 501.204(2), Fla. Stat. (1999)." Id. Federal decisions provide that "a deceptive practice is one that is 'likely to mislead' consumers." Id. (citing In re Int'l Harvester Co., 104 F.T.C. 949 (1984); In re Cliffdale Assocs., Inc., 103 F.T.C. 110 (1984); Sw. Sunsites, Inc. v. FTC, 785 F.2d 1431 (9th Cir. 1986)). According to Judge Padavano, however, "this standard does not require subjective evidence of reliance, as would be the case with a common law action for fraud." Id.; see also State, Office of Atty. Gen., Dept. of Legal Affairs v. Wyndham Int'l, Inc., 869 So. 2d 592, 598 (Fla. Dist. Ct. App. 2004) ("A deceptive or unfair trade practice constitutes a somewhat unique tortious act because, although it is similar to a claim of fraud, it is different in that, unlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue."); Latman v. Costa Cruise Lines, N.V., 758 So. 2d 699 (Fla. Dist. Ct. App. 2000) ("It is sufficient if a reasonable person would have relied on the representations."). Thus, in a FDUTPA action "the question is not whether the plaintiff actually relied on the alleged deceptive trade practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances." Id.[1]

---

[1] Some Florida District Courts of Appeal have determined that causation is an element of a consumer FDUTPA action for damages. See, e.g., Rollins, Inc. v. Butland, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006). Because those cases identify a causation element, they appear to be at odds with Davis and Latman. Indeed, the concepts of causation and reliance can be deeply intertwined, for a deceptive practice seemingly cannot have caused an aggrieved party damages unless the aggrieved party

Defendant argues that Plaintiff does not allege that he actually saw the "[h]elps fight visible plaque above the gum line" claim prior to his purchase or that he purchased the products for its plaque benefits or in reliance on any label or advertising claim. DE 21 at 15. Defendant argues that the only injury even arguably alleged in the Complaint is that as a result of the misleading claim, Defendant was able to "charge a significant price premium." DE 1 ¶¶ 14, 31.

Nonetheless, Plaintiff alleges that he was "exposed to FULL ACTION advertising claims, purchased FULL ACTION, and suffered injury in fact and lost money as a result of the unfair trade practices describe herein." DE 1 ¶ 17. Further, Plaintiff alleges that "as a result of the misleading messages conveyed through its campaign, Defendant has been able to charge a significant price premium for FULL ACTION" since Full Action

---

relied on the deceptive practice. Upon closer inspection, however, a deceptive practice can cause a consumer damages even if the consumer does not rely on the deceptive practice when purchasing a particular product. Ostensibly, a deceptive practice allows a manufacturer or vendor to charge a premium for a product that the manufacturer would not be able to command absent the deceptive practice. Thus, even if an individual consumer does not rely on a deceptive practice when deciding to purchase that product, the consumer will have paid more for the product than she otherwise would have. Consequently, the consumer suffers damages.

    The undersigned finds Judge Padavano's decision in Davis particularly persuasive. To find otherwise would eviscerate the protections that FDUTPA is designed to afford consumers. Indeed, if the Act requires a consumer to prove reliance, it becomes impossible for a court to ever certify a class in a FDUTPA action. In many instances, if consumers cannot attain class certification, they cannot pursue their claim. For example, in FDUTPA actions like the case at bar, the amount in controversy for an individual plaintiff is too insignificant to make the claim worth pursuing. This is particularly true given the enormous expense associated with litigating the complex questions that invariably arise when a consumer challenges a defendant manufacturer's representations about the qualities or contents of a particular product. Because a reliance element would effectively deprive those plaintiffs of a remedy, the Court agrees with Judge Padavano that FDUPTA does not require plaintiffs to prove reliance.

sells, liter for liter, for twenty five cents more at a local Walgreens in Florida than the same size of Walgreens Original.  Id. ¶¶ 14, 15.  Accepting these allegations as true, Plaintiff has plausibly stated a claim for violation of FDUTPA.[2]

### 2.  The Breach of Warranty Claim

To plead a cause of action for breach of express warranties under the Florida Uniform Commercial Code, a complaint must allege: (1) the sale of goods; (2) the express warranty;[3] (3) breach of the warranty; (4) notice to seller of the breach;[4] and (5) the injuries sustained by the buyer as a result of the breach of the express warranty. See Dunham-Bush, Inc. v. Thermo-Air Serv., Inc., 351 So. 2d 351, 353 (Fla. Dist. Ct.

---

[2]  Defendant makes a number of factual arguments in its Motion to Dismiss (e.g., the alleged price premium, the efficacy of Full Action).  Although Defendant's arguments on these issues may be persuasive at a later stage in the proceeding, they are not relevant on a motion to dismiss.

[3]  Section 672.313, Florida Statutes, provides in relevant part that

> (1) Express warranties by the seller are created as follows:
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
> . . .
> (2) It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that the seller have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

Fla. Stat. 672.313.

[4]  Section 672.607(3), Florida Statutes, provides in relevant part that "[w]here a tender has been accepted: (a) The buyer must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."

App. 1977).

Here, Plaintiff's Complaint points to specific labeling, as well as a marketing and advertising campaign, that contained the claim at issue - "Helps fight visible plaque above the gum line." DE 1 ¶¶ 26-31. Plaintiff also alleges that Defendant's labeling and advertising constitute express warranties that "became part of the basis of the bargain." Id. ¶ 55. Plaintiff further alleges that Defendant breached these express warranties by not providing a product which could provide the benefits described in the labels and advertising and that "[a]s a result of Defendant's breach of its contract and warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of FULL ACTION." Id. ¶¶ 57-58. Lastly, Plaintiff alleges that he provided notice to Defendant of the breach. Id. ¶ 56. Thus, taking these allegations as true, Plaintiff has stated a claim for breach of express warranty.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Walgreen Co.'s Motion to Dismiss Plaintiff's Complaint [DE 21] is **DENIED**. Defendant shall file an answer to the Complaint no later than March 22, 2011.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 8th day of March, 2011.

JAMES I. COHN
United States District Judge

Copies furnished to counsel of record.

9